**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

EFRAIN MARRERO ARROYO

   Plaintiff

      v.                              **CIVIL NO.  08-1981 (GAG)**

COMMISSIONER OF SOCIAL SECURITY

   Defendant

**MEMORANDUM OPINION AND ORDER**

    Upon review and consideration of the administrative record, as well as of the parties' memoranda (Docket Nos. 12 and 13), the court hereby AFFIRMS the decision of the Commissioner denying plaintiff disability benefits upon a finding of not disabled.

    The ALJ's comprehensive and detailed decision (Tr. 21-28) is well supported by the administrative record.  Plaintiff in general challenges the ALJ's interpretation of the medical evidence, and weight given (or not given) to the same (Docket No. 12 at pp 7-9).  This, however, is not grounds for reversal of the ALJ's decision, given the "the responsibility for weighing conflicting evidence. . . falls on the Commissioner and his designee, the ALJ".  Seavey v. Barnhart, 276 F. 3d 1, 10 (1st Cir. 2001).

    Plaintiff also claims error given that the ALJ did not employ a vocational expert.  The ALJ properly adopted the residual functional capacity findings of record (Tr. 24-27; 270-277; 330-337; 255-626; 339-352).  He then considered plaintiff's residual functional capacity, along with his age, education and work experience in light of the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appx. 2.  Under the guidelines plaintiff was not disabled.  See Seavey, 276 F. 3d at 5.  In order to show that the ALJ erred by using the grid plaintiff was required to evidence additional limitations beyond those encompassed by the grid, something he did not do.  See Ortíz v. S.H.H.S., 890 F. 2d 520, 524 (1st Cir. 1989) (per curiam).

    Finally, the court notes that plaintiff's arguments are not properly supported by specific reference to the record (Docket No. 12 at 007-9).  Although independent grounds exist for affirming the Commissioner's decision, not referring to the record can also constitute abandonment of an issue or an improperly raised argument.  See Rivera Ocasio v. Commissioner of S. S., 213 F. Supp. 2d 81, 84 (D.P.R. 2002) (citations omitted).

    **SO ORDERED.**

    In San Juan, Puerto Rico this 22nd day of January, 2009.

                                            *S/Gustavo A. Gelpí*
                                            GUSTAVO A. GELPI
                                           United States District Judge